UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE LASH GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAYA MEDICALS, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:24-cv-00843-ART-EJY<br><br>**ORDER** |

Pending before the Court is The Lash Group LLC's Ex Parte Motion for Leave to Effectuate Alternative Service of Process on Defendant. ECF No. 11. The filing of the Motion *ex parte* is denied as Plaintiff does not "articulate the rule that permits *ex parte* filing and explain why it is filed on an *ex parte* basis" as required by LR IA 7-2(b). Nevertheless, for the reasons stated below, the substantive request in the Motion is granted.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Nevada Rule of Civil Procedure 4.4 allows for alternative service methods upon a motion of a party (i) demonstrating due diligence to locate the defendant, (ii) proposing alternative service methodology, and (iii) explaining why the proposed alternative service meets the requirements of due process. When considering a request to serve a defendant by alternative means the Nevada Supreme Court asks the underlying courts to take into consideration attempts made by a plaintiff to serve a defendant at his known residence, and other methods of locating a defendant, such as consulting public directories. *Price v. Dunn*, 787 P.2d 785, 786-87 (Nev. 1990), *rev. on other grounds, NC-DSH, Inc. v. Garner*, 218 P.3d 853 (Nev. 2009) (and noting that *Price* otherwise remains good law); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994). However, plaintiffs are not required to attempt every

permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

A motion seeking an order allowing alternative service by publication must provide affidavits, declarations or other evidence demonstrating: (1) the due diligence that was undertaken to locate and serve the defendant; (2) the efforts made to locate and serve the defendant; (3) the defendant's known, or last known contact information; (4) the last known address, the dates during which the defendant resided at the location, and confirmation the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found. Nev. R. Civ. P. 4.4(b)(2), 4.4(c)(2); *see also Eko Brands, LLC v. Houseware Sols., LLC*, Case No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016, at *2 (D. Nev. Aug. 20, 2021); *Gomez v. State Dep't of Bus. & Indus. Rels.*, Case No. 2:21-cv-01184-GMN-VCF, 2021 U.S. Dist. LEXIS 201074, at *2 (D. Nev. Oct. 19, 2021). Such request must state why service by publication comports with due process and, if service by publication is contemplated, include the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; and suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings. Nev. R. Civ. P. 4.4(c)(4)(A). The publication should "be reasonably calculated to give the defendant actual notice of the proceedings." *Id.* The service must be published at least once a week for a period of four weeks. *Id.*

Plaintiff represents, and supports through declarations, that it sought to serve Defendant's registered agent identified on the Nevada Secretary of State website but discovered the address is a post office box located inside a United Parcel Service ("UPS") retail store. ECF No. 11 at 3. The addresses for the only officers and directors Defendant listed on the Secretary of State website—its

2

president and secretary—is the same post office box at the same UPS retail store as Defendant listed for its registered agent. *Id*. at 4.  Neither federal or state rules pertaining to service allows service of a corporation by delivering a summons and complaint to a post office box.  Nev. R. Civ. P. 4.2(c)(2); Fed. R. Civ. P. 4(e)(1).

Plaintiff identified several other means for serving Defendant through its research.  ECF No. 11 at 4.  Plaintiff lists three possible electronic platform addresses, one email address, and several physical addresses in Reno, Nevada for potential service on Defendant.  *Id*.  Plaintiff attempted service at the Reno addresses, but these attempts were unsuccessful.  *Id*.  Plaintiff is unable to locate any other physical address for Defendant.  *Id*.  Based on the foregoing, Plaintiff seeks permission to serve Defendant by electronic mail, U.S. Mail, Federal Express, and telephone notice, as well as through their social media accounts.

The Court has considerable discretion when determining whether alternative service should be permitted. *Rio Properties, Inc.*, 284 F.3d at 1016.  Service may be accomplished through any means "reasonably calculated to provide notice and an opportunity to respond." *Id*. at 1017.  Here, the Court finds alternative service of process is reasonable and, in fact, necessary as Defendant failed to provide a registered agent or other address to the Secretary of State for purposes of service of process.  The methods offered by Plaintiff are all reasonably calculated to provide notice and an opportunity to respond and, therefore, are approved.  However, the Court adds that Plaintiff must serve Defendant by publication.

Plaintiff must file a proposed order with the Court in which it states each method of service it identifies in its instant Motion as well as how it intends to serve by publication.  The proposed order must include the language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought, and identify one or more newspapers or other periodicals in which the summons will be published.  Nev. R. Civ. P. 4.4(c)(4)(A).  The publication must be reasonably calculated to give Defendant actual notice of these proceedings.  *Id*.  This service must be published at least once a week for a period of four weeks. *Id*.  Service on Defendant will be deemed effective on the last day service by publication occurs.  Defendant's responsive pleading is due 21 calendar days thereafter.

Accordingly, IT IS HEREBY ORDERED that The Lash Group LLC's Motion for Leave to Effectuate Alternative Service of Process on Defendant (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that The Lash Group **must**, no later than **July 12, 2024**, submit a proposed order consistent with the content of this Order to the Court by (1) filing the same, and (2) emailing the proposed order in WORD format to Emily Santiago, Judicial Executive Assistant to the undersigned, at Emily_Santiago@nvd.uscourt.gov.

IT IS FURTHER ORDERED that service on Defendant will be deemed effective on the last day service by publication occurs.

IT IS FURTHER ORDERED that Defendant's responsive pleading is due 21 calendar days thereafter.

Dated this 3rd day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE