JAMES D. BOYLE, ESQ. (NBN 08384)
Email: jboyle@nvlawfirm.com
BRANDEN D. JUNG, ESQ. (NBN 14067)
Email: bjung@nvlawfirm.com
KEARNEY PUZEY DAMONTE, LTD
800 South Meadows Parkway, Suite 800
Reno, Nevada 89521
Telephone:   (775) 851-8700
Facsimile:    (775) 851-7681

CAROL ANN SLOCUM, ESQ. *(Admitted Pro Hac Vice)*
Email: cslocum@klehr.com
KLEHR HARRISON HARVEY BRANZBURG, LLP
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
Telephone:   (856) 486-6961
Facsimile:    (856) 486-4875

*Attorneys for Plaintiff and Counter-Defendant*
 *The Lash Group, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE LASH GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>DAYA MEDICALS, INC., a Nevada corporation.<br><br>Defendant / Counterclaimant | CASE NO.:  2:24-cv-00843-ART-EJY<br><br>[PROPOSED] **DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(Special Scheduling Review Requested)** |

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 26-1, Plaintiff and Counter-Defendant The Lash Group, LLC ("Lash Group") and Defendant and Counterclaimant Daya Medicals, Inc. ("Daya Medicals") (and together, the "Parties"), hereby submit the following information and [Proposed] Discovery Plan and Scheduling Order:

I.  INFORMATION PURSUANT TO FED. R. CIV. P. 26(F).

   A.   Meeting:

Pursuant to Fed. R. Civ. P. 26(f), counsel for the Parties conducted a Zoom Teleconference on November 6, 2024, which was attended by James D. Boyle, Esq. and Carol Ann Slocum, Esq. on behalf of Lash Group and by John R. Funk, Esq. and Matthew B. McDonald, Esq. on behalf of Daya Medicals.

B. <u>Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))</u>:

The Parties agree that their respective Fed. R. Civ. P. 26(a) Initial Disclosures shall be disclosed on or before November 20, 2024.

C. <u>Subjects of Discovery (Fed. R. Civ. P. 26(f)(3)(B))</u>:

The Parties agree that the areas of discovery should generally include, but not be limited to the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1), inclusive of all aspects of the Parties' claims and affirmative defenses in accordance with the Parties' respective pleadings, and subject to any amendments or modifications thereto. To date, the Parties have not undertaken any discovery.

D. <u>Phasing and Timing of Discovery (Fed. R. Civ. P. 26(f)(3)(B))</u>:

The Parties agree that the schedule for discovery should be modified by sixty (60) days from the default rule under LR II 26-1(b)(1) in order to account for Lash Group's forthcoming responsive pleading to Daya Medicals' amended counterclaims, which the Court granted pursuant to the Parties' stipulation (ECF No. 25).

Counsel for Daya Medicals made an initial appearance in this action on September 12, 2024 (ECF No. 19). On October 11, 2024, Daya filed its initial Answer to Complaint; Counterclaim (ECF No. 21); Daya then filed an Amended Answer to Complaint; Counterclaim on October 15, 2024 (ECF No. 23). Lash Group's responsive pleading to Daya Medicals' amended counterclaims is due on or before November 19, 2024.

The Parties propose measuring the discovery cutoff deadline from November 19, 2024.

E. <u>Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))</u>:

The Parties do not currently foresee any issues regarding disclosure, discovery, or preservation of Electronically Stored Information ("ESI"). Should these issues arise as the case progresses, the Parties agree to work out a detailed stipulation governing the discovery of ESI and file said stipulation with the Court.

F. <u>Issues About Claims of Privilege/Protection of Trial Preparation Materials (Fed. R. Civ. P. 26(f)(3)(D))</u>

The Parties anticipate submitting a [Proposed] Protective Order on or before November 20, 2024. The Parties agree that privileged documents created after the filing of the original Complaint in this action are not required to be identified on a privilege log under Fed. R. Civ. P. 26(b)(5)(A).

G. <u>Changes Made to Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E)):</u>

The Parties agree to permit—where practical—depositions through virtual or remote means, though each Party ultimately reserves the right to require an in-person deposition pursuant to the Federal Rules of Civil Procedure and the Local Rules. The Parties propose no other changes to the Federal Rules of Civil Procedure as it relates to the limits on discovery.

H. <u>Other Orders That the Court Should Issue (Fed. R. Civ. P. 26(f)(3)(F)):</u>

The Parties do not believe that the Court needs to consider any additional limiting orders at this time.

II. PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

| | | |
|---|---|---|
| 1. | Discovery Cut-Off | **June 16, 2025** [275 days after first appearance by Defendant, September 12, 2024] |
| 2. | Disclosure of Rule 26(a) Initial Disclosures, Asserted Claims, and Infringement Contentions | **November 20, 2024** [14 days after discovery planning conference, November 6, 2024] |
| 3. | Motion to Amend Pleadings/Parties | **March 18, 2025** [90 days prior to close of discovery] |
| 4. | Initial Expert Designations | **April 17, 2025** [60 days prior to the close of discovery] |
| 5. | Rebuttal Expert Designations | **May 18, 2025** [31 days after disclosure of initial Expert Designations] |
| 6. | Dispositive Motion Deadline | **July 16, 2025** [30 days after the close of discovery] |

III. CERTIFICATIONS PURSUANT TO LR II 26-1(b):

Pursuant to LR II 26-1(b)(7), the Parties certify that they met and conferred on November 6, 2024, about the possibility of using alternative dispute-resolution processes including mediation,

arbitration, judicial settlement conference, and early neutral evaluation.

Pursuant to LR II 26-1(b)(8), 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, the parties certify that they considered consent to trial by a magistrate judge and the use of the Short Trial Program (General Order 2013-01). The Parties' position is that the District Judge should preside over a trial of this matter.

IT IS ORDERED that, pursuant to LR II 26-3, any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the court at least twenty-one (21) days before the expiration of the subject deadline. A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

> (a) A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and
>
> (d) A proposed schedule for the completion of all remaining discovery.

IT IS FURTHER ORDERED that, pursuant to LR II 26(b)(5), if no dispositive motions will be filed within the time specified in this order, then the Parties must file a written, joint proposed pretrial order on or before **August 14, 2025**, which is thirty (30) days following the dispositive motion submission deadline. If dispositive motions are filed, then the Parties must file a written, joint proposed pretrial order within thirty (30) days of the date the Court enters a ruling on the dispositive motions.

///
///
///
///
///

IT IS FURTHER ORDERED that within thirty (30) days of the entry of a pretrial order, or as further ordered by the Court, the Parties must submit to a pretrial settlement conference.

DATED this 20th day of November, 2024.           DATED this 20th day of November, 2024.

By: /s/ *James. D. Boyle*                                         By: /s/ *John R. Funk*

JAMES D. BOYLE, ESQ. (NBN 08384)              JOHN R. FUNK, ESQ. (NBN 12372)
BRANDEN D. JUNG, ESQ. (NBN 14067)          GUNDERSON LAW FIRM
KEARNEY PUZEY DAMONTE LTD.                  3895 Warren Way
800 South Meadows Parkway, Suite 800          Reno, NV 89509
Reno, Nevada 89521                                           (775) 829-1222
(775) 851-8700

*Attorneys for Defendant and Counterclaimant Daya Medicals, Inc.*

CAROL ANN SLOCUM, ESQ. *(Admitted PHV)*
KLEHR HARRISON HARVEY BRANZBURG, LLP
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
(856) 486-6961

*Attorneys for Plaintiff and Counter-Defendant The Lash Group, LLC*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2024

- 5 -